**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Londen Land Company, LLC, an Arizona limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>Title Resources Guaranty Company, a Texas corporation, et al.,<br><br>    Defendants. | CIV-09-980-PHX-MHB<br><br>**ORDER** |

Pending before the Court is Plaintiff Londen Land Company, LLC's ("Londen") Motion for Leave to Amend Complaint (Doc. #23). After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.

**BACKGROUND**

On September 23, 2002, Londen purchased approximately 142.23 acres of unimproved real property located Northwest of the Northwest Corner of Highway 79 and the Hunt Highway in Florence, Arizona (the "Property"). On September 26, 2002, Londen obtained a Policy of Title Insurance from Defendant Title Resources Guaranty Company ("TRGC"), insuring title to the Property (the "Policy").

On November 9, 2005, Londen transferred the Property to Florence Ventures, LLC ("Florence Ventures") for nominal consideration pursuant to a Special Warranty Deed. Londen asserts that the Special Warranty Deed requires it to "warrant and forever defend the

1  right and title" to the Property. Florence Ventures is a limited liability company wholly
2  owned and controlled by Londen, which is the only Member thereof.

3  In August 2007, Londen contends that it learned of the existence of a restrictive
4  easement, recorded in favor of Salt River Project, which encumbered approximately 2.64
5  acres of the Property (the "SRP Easement"). The Policy apparently did not identify the
6  existence of, or except from coverage, the SRP Easement. The SRP Easement restricts the
7  height of buildings within thirty feet of the SRP Easement and requires that SRP be granted
8  the right of ingress and egress to maintain SRP transmission lines.

9  On September 6, 2007, Londen provided a written claim on the Policy to TRGC, as
10 a result of an alleged negative impact of the SRP Easement on the Property. By letter dated
11 September 25, 2007, TRGC responded to the claim from Londen, and acknowledged that the
12 easement was missed and not excepted to in the Policy.

13 Thereafter, TRGC retained an appraiser to conduct an appraisal on the Property to
14 determine its diminution in value and the insured's actual loss. By letter dated December 4,
15 2007, TRGC informed Londen that its appraiser had determined the diminution of value to
16 the Property as a result of TRGC missing the SRP Easement on the Policy as of September
17 6, 2007 was $13,590.00.

18 Londen, subsequently, hired its own independent appraiser to determine the amount
19 of the diminution of value of the Property as of September 6, 2007. The Londen appraiser
20 determined that the diminution of value to the Property was $258,000.00.

## DISCUSSION

22 In its Motion, Londen is seeking leave to amend the Complaint to eliminate any
23 questions of standing that may exist since TRGC has alleged, both in its pleadings and orally
24 to the Court, that it believes the original Complaint is defective and that Londen lacks
25 standing to raise the alleged cause of action.

26 In response, TRGC argues that the proposed First Amended Complaint does not add
27 any new counts or claims. Rather, TRGC states that the proposed pleading simply

embellishes on the facts relied upon by Londen. TRGC also contends that the proposed First Amended Complaint does not change anything with respect to the standing issue or cure the defects in Londen's case.

Londen, however, asserts in its Reply that not only does the proposed amended pleading clarify certain factual allegations, but it also pleads a new legal theory in the alternative of the previous legal theory. Further, contrary to the statement made by TRGC that the "the Proposed First Amended Complaint does not change anything with respect to the standing issue," Londen alleges that the proposed amended pleading directly addresses, and changes the standing issue.

Federal Rule of Civil Procedure 15(a) declares that "[t]he court should freely give leave [to amend] when justice so requires." The Ninth Circuit has noted that "Rule 15's policy of favoring amendments should be applied with extreme liberality." Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation omitted). A court may deny a motion to amend, however, if there is a showing of undue delay or bad faith on the part of the moving party, undue prejudice to the opposing party, or futility of the proposed amendments. See Foman v. Davis, 371 U.S. 178, 182 (1962). The party opposing amendment bears the burden of showing prejudice, futility, or one of the other recognized reasons for denying a motion to amend. See DCD Programs, LTD. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

TRGC appears to be asserting a futility argument and states "[w]e now live in a notice pleading world," such amendment is not necessary. The Court finds this reasoning unpersuasive. In the original Complaint filed by Londen, Londen alleged its right to bring the action on the basis that it has retained "an interest or estate" in the subject property by virtue of it being the sole owner of Florence Ventures – the entity that holds legal title to the property. TRGC raised as an affirmative defense that the relationship between Londen and Florence Ventures is not sufficient to give Londen standing to bring this action as the holder of "an interest or estate" in the insured property. As stated in its pleadings, Londen filed its request for leave to amend, in order to add, as an alternative theory, its entitlement to bring

this action on the basis that Londen has "liability by reason of covenants of warranty" made by Londen in the transfer of the property to an entity wholly owned and controlled by Londen. Londen alleges that this theory directly addresses, and eliminates, any issue relating to standing. Moreover, TRGC does not allege and the Court does not find any undue delay, bad faith, or prejudice. Accordingly, the Court will grant Londen's request for leave to amend complaint.

**IT IS ORDERED** that Londen's Motion for Leave to Amend Complaint (Doc. #23) is **GRANTED**. The Clerk of the Court shall file the lodged proposed First Amended Complaint;

**IT IS FURTHER ORDERED** that TRGC's Motion for Summary Judgment (Doc. #21), which addresses the original Complaint, is **DENIED** as moot, without prejudice and with leave to refile all or part of said motion;

**IT IS FURTHER ORDERED** that TRGC shall respond to the First Amended Complaint within 20 days from the date this Order is filed.

DATED this 6th day of January, 2010.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge