**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Londen Land Company, LLC, an Arizona limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>Title Resources Guaranty Company, a Texas corporation,<br><br>    Defendant. | CIV-09-980-PHX-MHB<br><br>**ORDER** |

Pending before the Court is Defendant Title Resources Guaranty Company's ("TRGC") Second Motion for Summary Judgment (Doc. 43). After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.[1]

**BACKGROUND**

On September 26, 2002, Plaintiff Londen Land Company, LLC, ("Londen") purchased approximately 142.23 acres of unimproved real property located Northwest of the Northwest Corner of Highway 79 and the Hunt Highway in Florence, Arizona (the "Property"). On that same date, Londen obtained a Policy of Title Insurance from TRGC, insuring title to the Property (the "Policy").

---

[1] TRGC's request for oral argument will be denied because the parties have fully briefed the issues and oral argument will not aid in the Court's decision. See Partridge v. Reich, 141 F.3d 920, 926 (9th Cir. 1998); Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Development Corp., 933 F.2d 724, 729 (9th Cir. 1991).

On November 23, 2005, Londen transferred the Property to Florence Ventures, LLC ("Florence Ventures") for nominal consideration pursuant to a Special Warranty Deed. Florence Ventures is a limited liability company wholly owned and controlled by Londen, which is the only Member thereof.

In August 2007, Londen contends that it learned of the existence of a restrictive easement, recorded in favor of Salt River Project, which encumbered approximately 2.64 acres of the Property (the "SRP Easement"). The Policy apparently did not identify the existence of, or except from coverage, the SRP Easement. The SRP Easement restricts the height of buildings within thirty feet of the SRP Easement and requires that SRP be granted the right of ingress and egress to maintain SRP transmission lines.

On September 6, 2007, Londen provided a written claim on the Policy to TRGC, as a result of an alleged negative impact of the SRP Easement on the Property. By letter dated September 25, 2007, TRGC responded to the claim from Londen, and acknowledged that the easement "was missed and not excepted to" in the Policy.

Thereafter, TRGC retained an appraiser to conduct an appraisal on the Property to determine its diminution in value and the insured's actual loss as a result of the easement. By letter dated December 4, 2007, TRGC informed Londen that its appraiser had determined the diminution of value to the Property as a result of TRGC missing the SRP Easement on the Policy as of September 6, 2007, was $13,590.00.

Londen, subsequently, hired its own independent appraiser to determine the amount of the diminution of value of the Property as of September 6, 2007. The Londen appraiser determined that the diminution of value to the Property was $258,000.00.

On January 7, 2010, Londen filed a First Amended Complaint against TRGC alleging one count of breach of contract for TRGC's alleged failure to pay the diminution of value of the Property to Londen. TRGC, subsequently, filed the instant Second Motion for Summary Judgment on January 26, 2010. On March 1, 2010, Londen filed its Response and, on March 10, 2010, TRGC filed its Reply.

**DISCUSSION**

In its Second Motion for Summary Judgment, TRGC argues that at the time Londen made its claim under the Policy, it was not afforded any coverage since (1) all of Londen's interest in the Property was conveyed to Florence Ventures by Special Warranty Deed, and (2) Londen had no continuing liability by reason of covenants of warranty made in the Special Warranty Deed to Florence Ventures. TRGC contends that in the absence of coverage, it had no contractual obligations to pay Londen anything under the Policy and, therefore, cannot be found to have breached any contract.

In response, Londen alleges that it remains the "insured" under the terms of the Policy, because it effectively still owns of the Property. Specifically, Londen claims that although it executed a Special Warranty Deed that transferred all legal title to the Property to Florence Ventures, it still "retains an estate or interest" in the Property "by virtue of its ownership and control of Florence Ventures." Londen states that "[f]or all intents and purposes, including for tax purposes, Florence Ventures is a disregarded entity," resulting in Londen still being treated as the owner of the Property, and that any assets of Florence Ventures, including the Property, are considered to actually be assets of Londen. In the alternative, Londen argues that the Policy still covers Londen because it remains liable to Florence Ventures. Londen contends that pursuant to the Policy, the coverage "shall continue in force" in favor of Londen "so long as such insured shall have liability by reason of covenants of warranty made by such insured in any transfer or conveyance of such estate or interest."

The Policy issued by TRGC to Londen on September 26, 2002 states, in pertinent part:

> The coverage of this policy shall continue in force as of Date of Policy, in favor of an insured so long as such insured retains an estate or interest in the land, ... or so long as such insured shall have liability by reason of covenants of warranty made by such insured in any transfer or conveyance of such estate or interest; provided, however, this policy shall not continue in force in favor of any purchaser from such insured of either said estate or interest ... .

(Defs.' Statement of Facts, Exh. 2 [Paragraph 2(b) of Conditions and Stipulations of Policy]).

The policy defines "insured," in pertinent part, as:

> the insured named [in the Policy] and, subject to any rights or defenses the Company may have had against the named insured, those who succeed to the interest of such insured by operation of law as distinguished from purchase including, but not limited to, heirs, distributees, devisees, survivors, personal representatives, next of kin, or corporate or fiduciary successors ... .

(Defs.' Statement of Facts, Exh. 2 [Paragraph 1(a) of Conditions and Stipulations of Policy]).

In the instant matter, it is undisputed that Florence Ventures did not acquire the Property by operation of law, but rather, Londen transferred the Property to Florence Ventures pursuant to a Special Warranty Deed on November 23, 2005. Londen asserts, however, that it retains an estate or interest in the Property "by virtue of its ownership and control of Florence Ventures." The Court disagrees.

Pursuant to the Arizona Limited Liability Company Act, a limited liability company has the power to, *inter alia*: (1) "[s]ue and be sued, complain and defend in its name and in all courts" and (2) "[p]urchase, take, receive, lease or otherwise acquire, own, hold, improve, use and otherwise deal in and with real property or personal property, or any interest in real or personal property, wherever located." A.R.S. § 29-610(A). The Arizona Revised Statutes further provide that, with certain exceptions not relevant here, "[a] member of a limited liability company, solely by reason of being a member, is not a proper party to proceedings by or against a limited liability company ..." and that "a member ... of a limited liability company is not liable, solely by reason of being a member ... for the debts, obligations and liabilities of the limited liability company whether arising in contract or tort, under a judgment, decree or order of a court or otherwise." A.R.S. §§ 29-656, -651. Further, an Arizona limited liability company may hold, own, or convey property in the name of the limited liability company, and documents disposing of the limited liability company's property signed by the managing members are binding on the limited liability company. See A.R.S. § 29-653. Lastly, the Arizona Revised Statutes recognize that "[a]n interest in a limited liability company is personal property ... ." A.R.S. §§ 29-732(A).

1   The Court, thus, concludes that when Londen conveyed its interest in the Property to
2   Florence Ventures, it essentially effected a transfer from one entity or person to another.
3   While Londen has a personal property interest in Florence Ventures, it no longer "retains an
4   estate or interest" in the Property; Florence Ventures has the interest in the Property.

5   As indicated, however, Londen claims that "[f]or all intents and purposes, including
6   for tax purposes, Florence Ventures is a disregarded entity," resulting in Londen still being
7   treated as the owner of the Property, and that any assets of Florence Ventures, including the
8   Property, are considered to actually be assets of Londen. While a limited liability company
9   may elect to be subject to taxation as a partnership, corporation, or a disregarded entity if it
10  is a single member limited liability company, see A.R.S. § 29-857 and United States Treasury
11  Regulations 301.7701-2 and 301.7701-3, such an election has nothing to do with other legal
12  matters – such as member liability or property ownership. Londen has not produced any
13  evidence, and the Court doubts, for instance, that Londen would proffer that it is no longer
14  protected from suit by A.R.S. § 29-651. What is at issue before the Court is whether Plaintiff
15  has retained an estate or interest in the subject real property. Florence Ventures' alleged
16  election to be treated as disregarded entity for income tax purposes is not relevant to this
17  determination.

18  In the alternative, Londen argues that it is still covered under the Policy because it
19  remains liable to Florence Ventures. Londen states that pursuant to the Policy, the coverage
20  "shall continue in force" in favor of Londen "so long as such insured shall have liability by
21  reason of covenants of warranty made by such insured in any transfer or conveyance of such
22  estate or interest." Londen alleges that the SRP Easement is a defect in the title of the
23  Property that gives rise to liability of Londen to Florence Ventures under the terms and
24  conditions of the Special Warranty Deed, which provides that Londen will "warrant and
25  forever defend" title to the Property "against the claims of those persons claiming by, through
26  or under Grantor, but not otherwise." Therefore, Londen contends that the Policy insures and
27  protects it for the defect in title caused by the SRP Easement.

1    By conveying the Property under the Special Warranty Deed, however, Londen covenanted to protect Future Ventures only against claims made "by, through or under" Londen, as grantor. (Defs.' Statement of Facts, Exh. 4.) Londen did not warrant title against a claim of superior title made by someone else and, in any event, there is no suggestion that the alleged cloud on title was created by any action or inaction on the part of Londen while the Property was titled in its name. Londen, thus, transferred from it to Future Ventures the problem of the SRP Easement. Should other persons or entities claiming title bring an action to quiet title, Future Ventures, rather than Londen, would be required to defend and Londen would not be subject to liability.

Accordingly, the Court will grant TRGC's Second Motion for Summary Judgment.

**IT IS ORDERED** that TRGC's Second Motion for Summary Judgment (Doc. 43) is **GRANTED**.

DATED this 2nd day of August, 2010.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge