**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Londen Land Company, LLC, an Arizona limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>Title Resources Guaranty Company, a Texas corporation,<br><br>    Defendant. | CIV-09-980-PHX-MHB<br><br>**ORDER** |

Pending before the Court is Plaintiff Londen Land Company, LLC's ("Londen") Rule 60(b)(2) Motion for Relief from Judgment (Doc. 65). After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.

**BACKGROUND**

As set forth in the summary judgment proceedings, on September 26, 2002, Plaintiff purchased approximately 142.23 acres of unimproved real property located Northwest of the Northwest Corner of Highway 79 and the Hunt Highway in Florence, Arizona (the "Property"). On that same date, Londen obtained a Policy of Title Insurance from Title Resources Guaranty Company ("TRGC"), insuring title to the Property (the "Policy").

On November 23, 2005, Londen transferred the Property to Florence Ventures, LLC ("Florence Ventures"), for nominal consideration pursuant to a Special Warranty Deed. Florence Ventures is a limited liability company wholly owned and controlled by Londen, which is the only Member thereof.

In August 2007, Londen contended that it learned of the existence of a restrictive easement, recorded in favor of Salt River Project, which encumbered approximately 2.64 acres of the Property (the "SRP Easement"). The Policy did not identify the existence of, or except from coverage, the SRP Easement.

On September 6, 2007, Londen provided a written claim on the Policy to TRGC, as a result of an alleged negative impact of the SRP Easement on the Property. An appraiser retained by TRGC subsequently determined that the diminution in value to the Property as a result of the SRP Easement was $13,590.00. Thereafter, Londen hired its own independent appraiser who determined that the diminution in value to the Property was $258,000.00.[1]

On January 7, 2010, Londen filed a First Amended Complaint against TRGC alleging one count of breach of contract for TRGC's failure to pay the diminution in value to the Property to Londen. TRGC then filed a Motion for Summary Judgment on January 26, 2010, asserting that it was only contractually obligated to cover losses in accordance with the terms and conditions set forth in the Policy, and that at the time Londen made its claim under the Policy, it was not afforded any coverage.

On August 3, 2010, the Court granted TRGC's Motion for Summary Judgment. In its Order, the Court analyzed the Arizona Limited Liability Company Act and determined that when Londen conveyed its interest in the Property to Florence Ventures, it effected a transfer of the Property from one entity to another. The Court found that while Londen has a personal property interest in Florence Ventures, it no longer retained an "estate or interest" in the Property; Florence Ventures has the interest in the Property. As to Londen's alternative argument – that the Policy still covered Londen because it remained liable to

---

[1] In its pleading, Londen reasserts various admissions by TRGC, which the Court previously considered, including, a September 25, 2007 letter wherein TRGC admitted that the SRP Easement was missed, "not excepted to" in the Policy and covered by the Policy; and TRGC's payment to Londen in the amount of $13,590.00 – an amount it claimed was "the full amount of the appraised diminution in value."

- 2 -

Florence Ventures – the Court determined that by conveying the Property under the Special Warranty Deed, Londen covenanted to protect Florence Ventures only against claims made "by, through or under" Londen, as grantor. The Court stated that "Londen did not warrant title against a claim of superior title made by someone else and, in any event, there is no suggestion that the alleged cloud on title was created by any action or inaction on the part of Londen while the Property was titled in its name." The Court concluded that Londen transferred from it to Florence Ventures the problem of the SRP Easement, and that should other persons or entities bring an action, Florence Ventures, rather than Londen, would be required to defend. Accordingly, Londen could not claim coverage for damages resulting from the SRP Easement under the Policy. Londen timely appealed the Court's decision to the Ninth Circuit Court of Appeals.

Following the Court's granting of summary judgment in favor of TRGC, Mary Clayton ("Clayton"), assistant to Manager Lynn Londen, contacted TRGC in order to obtain an endorsement to the Policy adding Florence Ventures as an additional insured. On August 19, 2010, Clayton received an email from TRGC Executive Vice President and General Counsel Paul McNutt, Jr. ("McNutt"), advising that, after reviewing the Policy and the Special Warranty Deed, he found no basis for any endorsement to the Policy. On August 30, 2010, Clayton telephoned McNutt for further information as to why no endorsement was required to add an additional insured. According to Clayton, McNutt apparently stated that the Property "was transferred and not sold," and that because Londen was the "sole subsidiary of that entity," "under the terminology of the title insurance policy, Florence Ventures would be insured" and no endorsement would be needed. In that same conversation, Clayton requested that McNutt provide her an email. Thus, on September 2, 2010, McNutt sent Clayton an email stating, in pertinent part:

> I stated that if the terms of the policy fit the facts of that conveyance the insured under our issued policy may still have coverage under the policy. A review of the I. Definition of Terms (a) "insured" in the Conditions and Stipulations should be reviewed with the counsel for your company to determine if the facts associated with the conveyance fits the terms to continue

- 3 -

the coverage. We cannot assist you further in that regard, but wanted to help you know what document to give your attorney for an opinion based on all your facts and reading the terms of definition of "insured" in the policy we issued. I hope this assists your determination.

Based upon McNutt's oral and written statements, Londen filed the instant Motion for Relief from Judgment pursuant to Federal Rules of Civil Procedure 60(b)(2) claiming that this newly discovered evidence changes the outcome of the case and confirms coverage of the title defect alleged in the complaint. TRGC filed a response on October 12, 2010, and Londen filed a Reply on October 20, 2010.

## DISCUSSION

Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court and will not be reversed absent an abuse of discretion. See Casey v. Albertson's, Inc., 362 F.3d 1254, 1257 (9th Cir. 2004). Rule 60(b) allows a trial court to grant relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. See Fed.R.Civ.P. 60(b); In re Sasson, 424 F.3d 864, 875-76 (9th Cir. 2005).

A party seeking relief under Rule 60(b)(2) must satisfy a three-part test, presenting newly discovered evidence of facts that: (1) existed at the time of trial; (2) could not have been discovered through due diligence; and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case. See Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990). For purposes of the instant Motion for Relief, the Court assumes that Plaintiff has satisfied the first two requirements.

- 4 -

1      In its Motion for Relief, Londen argues that McNutt's oral and written statements
2 "raise issues of fact as to ambiguities in the Policy, the proper interpretation of the
3 Continuation of Policy Provision, and the reasonable expectations of the insured." Londen
4 cites Taylor v. State Farm Mut. Auto Ins. Co., 854 P.2d 1134 (Ariz. 1993), and claims that
5 the Court should have the benefit of McNutt's statements and relevant records or documents
6 from TRGC's files, in reaching the conclusion whether the Policy is "reasonably susceptible"
7 to the interpretation advanced by Londen – that it was intended to preserve the claims of
8 Londen and/or extend to the claims of Florence Ventures. Londen asserts that at a minimum,
9 based on McNutt's newly discovered opinion set forth in his oral and written statements,
10 there is ample basis to conclude that the Policy presents for resolution a bona fide issue of
11 contract interpretation. Londen states that it is entitled, by virtue of McNutt's statements, to
12 obtain discovery of TRGC's records to further investigate TRGC's position and
13 interpretation of the Policy.

14      In response, TRGC states that McNutt's opinion about whether an endorsement was
15 available for the Policy has no bearing on coverage under the Policy. TRGC submits the
16 Declaration of Paul McNutt, Jr., and claims that McNutt was not rendering a coverage
17 opinion, but instead, was simply trying to accommodate a customer by telling her that "if the
18 terms of the policy fit the facts of that conveyance" then Londen "may" have coverage.

19      Londen filed a Reply to TRGC's Response in which it reiterates the arguments set
20 forth in its Motion for Relief. Alternatively, Londen also argues for the first time that it is
21 entitled to relief from judgment based on "misconduct by an opposing party" pursuant to
22 Fed.R.Civ.P. 60(b)(3). Londen specifically refers to McNutt's Declaration claiming that the
23 "Declaration is shocking in its arrogance, justification, and revisionism, demonstrating
24 TRGC's gamesmanship and bad faith in both its denial of coverage, and in its conduct in this
25 litigation." Londen states that "a reasonable inference to be drawn from the Declaration is
26 that TRGC has one policy governing coverage and interpretation questions before a matter
27 proceeds to litigation, and another policy entirely when a matter is in litigation." Londen

28

1 contends that this inference "raises questions as to TRGC's credibility and veracity in the
2 summary judgment proceedings, where it represented to this Court that there was no
3 coverage for the acknowledged title defect." Londen asserts that additional questions are
4 raised by McNutt's "dissembling as to the endorsement, with one version told in his written
5 and oral communications with Londen and an entirely different version told in his present
6 Declaration."

7 Contrary to Londen's assertions, the Court finds that McNutt's oral and written
8 statements fail to raise issues of fact and create ambiguities in the Policy. The Policy, which
9 "shall continue in force ..., in favor of an insured so long as such insured retains an estate or
10 interest in the land" is unambiguous; the issue before the Court is whether Londen retained
11 an "estate or interest" in the Property when it conveyed the Property by Special Warranty
12 Deed to Florence Ventures. Regardless of McNutt's oral and written statements as to
13 coverage, or TRGC's alleged admission stating by letter dated September 25, 2007, that the
14 SRP Easement "is a matter that is covered by the policy" and TRGC's payment to Londen
15 in the amount of $13,590.00, which was an amount it claimed was "the full amount of the
16 appraised diminution in value," the fact remains that the conveyance from Londen to
17 Florence Ventures was a conveyance to an entity distinct from Londen as a matter of law.
18 The facts which the Court considered in reaching its decision are not changed by Londen's
19 "newly discovered evidence."

20 To the extent that McNutt's statements could be construed as a legal opinion
21 inconsistent with the position taken by TRGC in this action, the Court finds that one member
22 of the company's opinion on coverage after summary judgment has been decided (1) does
23 not support the rash conclusion that TRGC has committed fraud or engaged in any unethical
24 conduct and (2) does not constitute the kind of evidence that would likely change the Court's
25 decision on this matter of law. There could be no end to litigation if the Courts were undo
26 summary judgment orders every time, without more, an employee/agent of a party is found
27 to have spoken a legal view arguably inapposite the party line. It is also untenable to argue

1 that TRGC should be precluded from taking the position it has taken in this litigation because
2 of McNutt's post-summary judgment statements, even if Londen could prove that McNutt's
3 position was necessarily adverse.

4 Quite simply, it is nearly axiomatic that Londen and the limited liability company,
5 Florence Ventures, are separate entities, and that while Londen has a personal property
6 interest in the LLC, it no longer has an interest in the Property. To hold otherwise would be
7 to disregard the nature and viability of limited liability companies. Thus, the Court fails to
8 find newly discovered evidence of such magnitude that production of it earlier would have
9 been likely to change the disposition of the case.

10 As to Londen's alternative argument, Rule 60(b)(3) states that "fraud ...,
11 misrepresentation, or misconduct by an opposing party" may serve as grounds for relief from
12 a final judgment. To prevail on a motion under Rule 60(b)(3), "the moving party must prove
13 by clear and convincing evidence that the verdict was obtained through fraud,
14 misrepresentation, or other misconduct and the conduct complained of prevented the losing
15 party from fully and fairly presenting the defense." Casey v. Albertson's, Inc., 362 F.3d
16 1254, 1260 (9th Cir. 2004) (citing De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874,
17 880 (9th Cir. 2000)). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained,
18 not at those which are factually incorrect." De Saracho, 206 F.3d at 880 (citing In re M/V
19 Peacock, 809 F.2d 1403, 1405 (9th Cir. 1987)). As discussed above, McNutt's statements and
20 subsequent Declaration fail to constitute clear and convincing evidence demonstrating that
21 the judgment "was obtained through fraud, misrepresentation, or other misconduct."

22 Accordingly, pursuant to Rule 62.1(a)(2) of the Federal Rules of Civil Procedure, the
23 Court will deny Londen's Rule 60(b)(2) Motion for Relief from Judgment.

24 ///
25 ///
26 ///
27 ///
28

- 7 -

**IT IS ORDERED** that Londen's Rule 60(b)(2) Motion for Relief from Judgment (Doc. 65) is **DENIED**.

DATED this 10th day of February, 2011.

Michelle H. Burns
United States Magistrate Judge