**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Londen Land Company, LLC, an Arizona limited liability company,<br><br>        Plaintiff,<br><br>vs.<br><br>Title Resources Guaranty Company, a Texas corporation,<br><br>        Defendant. | CIV-09-980-PHX-MHB<br><br>**ORDER** |

Pending before the Court is Defendant Title Resources Guaranty Company's ("TRGC") Application for Award of Attorneys' Fees and Related Non-Taxable Expenses (Doc. 56).

On January 7, 2010, Plaintiff Londen Land Company, LLC, ("Londen") filed a First Amended Complaint against TRGC – a title insurance company – alleging one count of breach of contract for TRGC's failure to pay the diminution in value to approximately 142.23 acres of unimproved real property located Northwest of the Northwest Corner of Highway 79 and the Hunt Highway in Florence, Arizona (the "Property") as a result of a restrictive easement, recorded in favor of Salt River Project, which encumbered approximately 2.64 acres of the Property ("SRP Easement"). TRGC filed a Motion for Summary Judgment on January 26, 2010, asserting that it was only contractually obligated to cover losses in accordance with the terms and conditions set forth in the Policy of Title Insurance ("Policy"), and that at the time Londen made its claim under the Policy, it was not afforded any

coverage. On August 3, 2010, the Court granted TRGC's Motion for Summary Judgment, and Judgment was entered that same day. Thereafter, TRGC filed an Application for Award of Attorneys' Fees and Related Non-Taxable Expenses (Doc. 56). Londen filed an Objection (Doc. 59) and TRGC filed a Reply to Londen's Objection (Doc. 62).

Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). Courts have discretion to award attorneys' fees to the prevailing party based on six factors outlined by the Arizona Supreme Court in Associated Indemnity Corp. v. Warner, 694 P.2d 1181, 1184 (Ariz. 1985). If a court finds that an award of attorneys' fees is appropriate, it must then determine whether the amount of fees requested is reasonable. See Schweiger v. China Doll Rest., Inc., 673 P.2d 927, 931 (Ariz. Ct. App. 1983). This Court's local rules provide thirteen factors under which courts assess the reasonableness of an attorneys' fees award. See LRCiv 54.2.

In this case, there is no dispute that TRGC is the successful party or that the case arises out of a contract dispute. The parties dispute whether this Court should, as a matter of discretion, grant TRGC an attorneys' fees award and, if so, the reasonableness of such an award.

**A.    Appropriateness of Fees Award**

In Associated Indemnity, the Arizona Supreme Court announced six factors that courts should use to determine whether an award is appropriate:

(1) whether the unsuccessful party's claim or defense was meritorious;

(2) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving that result;

(3) whether assessing fees against the unsuccessful party would cause an extreme hardship;

(4) whether the successful party prevailed with respect to all the relief sought;

(5) whether the legal question was novel and whether such claim or defense has previously been adjudicated in this jurisdiction; and

- 2 -

(6) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorneys' fees.

Newberry Corp. v. Fireman's Fund Ins. Co., 95 F.3d 1392, 1405-06 (9th Cir. 1996) (citing Associated Indemnity Corp., 694 P.2d at 1184 (Ariz. 1985)). No single factor is determinative, and the Court must weigh all factors when determining whether to award attorneys' fees. See Wilcox v. Waldman, 744 P.2d 444, 450 (Ariz. Ct. App. 1987); see also Moedt v. Gen. Motors Corp., 60 P.3d 240, 246 (Ariz. Ct. App. 2002) ("the weight given to any one factor is within the Court's discretion"). When weighing the above factors, the party requesting attorneys' fees has the burden of proving entitlement. See Woerth v. City of Flagstaff, 808 P.2d 297, 305 (Ariz. Ct. App. 1990).

### 1. Whether Londen's Claim Was Meritorious

Londen's claim was not meritorious. The Court notes, however, that a claim can have merit, even if it does not succeed. See Scottsdale Mem'l Health Sys., Inc. v. Clark, 791 P.2d 1094, 1099 (Ariz. Ct. App. 1990). For example, in Clark the Arizona Court of Appeals found that a losing claim did have merit because the losing litigant had prevailed at both the trial and appellate court, only to be reversed by the Arizona Supreme Court. See id. Even the Arizona Supreme Court remarked in the same case that it "must choose ... among two plausible statutory interpretations," urged by each party. Scottsdale Mem'l Health Sys. v. Clark, 759 P.2d 607, 615 (Ariz. 1988).

In its Response to TRGC's Motion for Summary Judgment, Londen raised two arguments in support of its claim. Having analyzed the Arizona Limited Liability Company Act, the Policy, and the Special Warranty Deed transferring the Property from Londen to Florence Ventures, LLC ("Florence Ventures"), the Court found no merit in either argument. As such, Londen's claim was not meritorious. Therefore, this factor weighs in favor of awarding attorneys' fees to TRGC.

\\\

\\\

1       **2.     Whether Litigation Could Have Been Avoided**

2       Although the parties were almost $250,000 apart in the determination of the
3  diminution in value to the Property as a result of the SRP Easement, it appears from the facts
4  and circumstances surrounding Londen's claim that this case could have avoided litigation.
5  Because neither party made adequate efforts to avoid litigation or settle the case, this factor
6  does not weigh in favor of either party.

7       **3.     Whether Award Would Cause Extreme Hardship**

8       Londen contends that fees assessed against it "would likely cause substantial hardship,
9  especially in light of the damages it has already suffered as a result of TRGC's failure to
10 identify the existence of, or except from coverage, a restrictive easement recorded in favor
11 of Salt River Project." Londen, however, has not shown that awarding attorneys' fees to
12 TRGC would cause an extreme hardship. "[A]lthough the party requesting fees has the
13 burden of proving his entitlement to an award of fees, the party asserting financial hardship
14 has the burden of coming forward with *prima facie* evidence of financial hardship." Woerth,
15 808 P.2d at 305. Unsworn and unproven assertions are not facts admissible in evidence;
16 plaintiffs are required to present specific facts by affidavit or testimony. See id. Because
17 Londen failed to produce any evidence regarding why the award of fees would constitute an
18 extreme hardship, Londen is unable to prove that such hardship exists. Therefore, this factor
19 weighs in favor of awarding attorneys' fees to TRGC.

20      **4.     Whether TRGC Prevailed On All Forms of Relief Sought**

21      It is undisputed that TRGC prevailed on all forms of relief sought. Therefore, this
22 factor weighs in favor of TRGC.

23      **5.     Whether The Legal Question Was Novel**

24      Londen asserts that the legal question presented herein was novel, given that TRGC,
25 by its own admission, made a glaring error when it issued the Policy to Londen, failed to
26 identify the SRP Easement, and refused to compensate its insured for the full amount of the
27 diminution in value assessed by Londen's independent appraiser. Londen claims that since

28
- 4 -

it "retained a beneficial interest in the Property" despite the transfer to Florence Ventures, "it understandably believed it remained the insured on the Property, which raised a novel legal theory for the Court to assess."

While there are no reported cases in Arizona dealing with these particular facts, TRGC contends that Londen's assertion that its position was "novel" overstates the complexity of the issue. TRGC states that when reduced to its substance, the case at bar involved interpretation of the plain language of a title insurance policy, and therefore did not present a novel legal theory. The Court finds however, that the case presented novel facts, which might not have made the application of a non-novel legal theory readily apparent. Therefore, this factor does not weigh in favor of either party.

### 6. Whether The Award Would Discourage Other Valid Litigants

The Court has considered the issue and has determined that awarding attorneys' fees would not discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorneys' fees. As with the instant matter, the Arizona Revised Statutes provide for a recovery of attorneys' fees and costs to the prevailing party. Thus, Londen had notice of the potential liability and took the risk when it filed its claim. Therefore, this factor weighs in favor of awarding attorneys' fees.

After weighing the applicable factors, the Court finds that an award of attorneys' fees is appropriate in this case. The Court now addresses the reasonableness of the amount of fees sought.

### B. Reasonableness of Fee Award

As to reasonableness, Londen asserts that the number of hours billed by TRGC's counsel and staff is excessive, and that the hourly rates charged by counsel and staff are unreasonable. This Court's Local Rule lists 12 factors that courts should consider when determining whether the amount of attorneys' fees is reasonable. See LRCiv 54.2(c)(3). These factors are:

- 5 -

    (A) The time and labor required of counsel;

    (B) The novel and difficulty of the questions presented;

    (C) The skill requisite to perform the legal service properly;

    (D) The preclusion of other employment by counsel because of the acceptance of the action;

    (E) The customary fee charged in matters of the type involved;

    (F) Whether the fee contracted between the attorney and the client is fixed or contingent;

    (G) Any time limitations imposed by the client or the circumstances;

    (H) The amount of money, or the value of the rights, involved, and the results obtained;

    (I) The experience, reputation and ability of counsel;

    (J) The "undesirability" of the case;

    (K) The nature and length of the professional relationship between the attorney and the client;

    (L) Awards in similar actions; and

    (M) Any other matters deemed appropriate under the circumstances.

LRCiv 54.2(c)(3). Once a party submits an itemized list of fees with sufficient detail and establishes entitlement to fees, the burden then shifts to the party challenging the fees to show that the fees are unreasonable. See Nolan v. Starlight Pines Homeowners Ass'n, 167 P.3d 1277, 1286 (Ariz. Ct. App. 2007).

    The Court has considered the aforementioned factors coupled with Londen's specific objections and finds that 8.2 hours to "review all previous pleadings," "compile list of changes" between Londen's responses to TRGC's dispositive motions, "confer with [counsel] re: same," and spending time drafting the reply in support of TRGC's second Motion for Summary Judgment is unreasonable. The Court also finds that 6.7 hours to "research case law regarding title insurance coverage when insured property has been transferred" which despite "the lengthy time spent researching this issue, TRGC cited only a single case (from a Texas appeals court) which spoke to the issue" is unreasonable. 8.2

1  hours multiplied by $200.00 per hour equals $1,640.00 and 6.7 hours multiplied by $100.00
2  per hour equals $670.00.[1]  Thus, TRGC's suggested attorneys' fees award of $12,879.25 is
3  reduced by $2,310.00 to $10,569.25.
4        Despite Londen's remaining arguments regarding number of hours billed and hourly
5  rates charged by TRGC's counsel and staff, the Court finds nothing else unreasonable or
6  excessive about TRGC's fee request.  Accordingly, an attorneys' fees award of $10,569.25
7  is both appropriate and reasonable.
8        **IT IS ORDERED** that TRGC's Application for Award of Attorneys' Fees and
9  Related Non-Taxable Expenses (Doc. 56) is **GRANTED in part and DENIED in part**;
10       **IT IS FURTHER ORDERED** that TRGC is awarded attorneys' fees in the amount
11 of $10,569.25.
12       DATED this 11th day of February, 2011.

*[signature]*
Michelle H. Burns
United States Magistrate Judge

---

[1] The 8.2 hours were performed by Associate Erik V. Lemmon who bills at a rate of $200.00 per hour and the 6.7 hours were performed by Nelson Mixon who bills at a rate of $100.00 per hour.

- 7 -